JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeANDRE DANNY JONTE BARNES,<br><br>PLAINTIFF(S)<br><br>v.<br><br>THE STATE OF CALIFORNIA OF EUREKA ADMINISTRATION, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:24-CV-00183-ODW (DTB)<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

SEE ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYMENT OF FULL FILING FEE FILED 01/25/2024 (DKT. # 5).

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
☒ The action is frivolous or malicious.
☒ The action fails to state a claim upon which relief may be granted.
☒ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| January 29, 2024 | *[signature]* |
| Date | United States District Judge |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DeANDRE DANNY JONTE BARNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE STATE OF CALIFORNIA OF EUREKA ADMINISTRATION, et al.,<br><br>　　　　Defendants. | Case No. CV 24-00183-ODW (DTB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYMENT OF FULL FILING FEE** |

On January 8, 2024, the Court received from plaintiff, DeAndre Danny Jonte Barnes, a state prisoner at Terminal Annex in Los Angeles, California, proceeding pro se, a Request to Proceed in Forma Pauperis ("IFP Request") (Dkt. # 3) along with a 71-page document styled as a civil rights complaint pursuant to both 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in which he names at least 47 defendants (Dkt. # 1) ("Complaint").

For the reasons set forth herein, plaintiff's IFP Request is DENIED.

/ / /

# DISCUSSION

Pursuant to 28 U.S.C. § 1915(a)(2) a prisoner who is indigent may seek a waiver of the $405.00 filing fee in order for meaningful access to the federal courts despite his or her inability to pay the costs and fees associated with that access. See Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: First, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Here, with regard to plaintiff's IFP Request, he states that he is presently employed and has received within the past twelve months, money from "employment, rent, pensions and gifts" (IFP Request at 1 [Dkt. # 3].) However, plaintiff has failed to provide the requisite documentation under 28 U.S.C. § 1915(b)(1)(A) and (B) regarding the average monthly deposits into his prisoner trust account, and that average monthly balance of his trust account over the preceding six months. Thus, plaintiff's IFP Request is incomplete and deficient.

In any event, even if the IFP Request had been complete, when a prisoner seeks to proceed without paying the initial filing fee, 28 U.S.C. § 1915(A)(b) requires the Court to preliminary screen the Complaint before it may proceed. The Court must dismiss the IFP Request, *sua sponte,* if the Complaint, or any portion, is found to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(A)(2).

Plaintiff's Complaint is 71 pages in length, handwritten, single-spaced, with no paragraphs (numbered or otherwise) and precious little punctuation. The

Complaint consists almost entirely of stream of consciousness assertions regarding multiple purported grievances, alleged to have been committed by a host of defendants. More than 70 individuals, entities - and at least two buildings (Union Station and Terminal Annex) (see, e.g., Complaint at 22-23) - are named in the Complaint, in addition to a multiplicity of governmental officials (including Hon. Emily J. Cole, a Judge of Los Angeles County Superior Court, Governor Gavin Newsom, Los Angeles Mayor Karen Bass and United States Senator Alex Padilla). (Id.) The Complaint also names "Kim Kardashiane" (sic) and Jeff Bezos along with "Apple, Inc." and "Crypto Currency" (Id. at 36, 49).

The Complaint is so densely composed as to be nearly indecipherable. The prolix, generalized, and conclusory allegations of the Complaint do not remotely come close to meeting the very basic pleading requirements of Rule 8(b)(2), which requires a plaintiff to state a "short and concise" basis of the grounds for relief. In addition, the Complaint also fails to comply with Fed. Rule Civ. P. 10(b), which requires a plaintiff to state his claims in numbered paragraphs, "each limited, as far as practicable to a single set of circumstances." As noted, there are virtually no paragraphs in the 71-page Complaint, much less numbered paragraphs, with no concise separation of discrete circumstances explaining the basis for each defendant's alleged liability.

The Court's confusion is compounded by plaintiff's allegation on page one of the Complaint that the claims in the Complaint are brought pursuant to both 42 U.S.C. § 1983 and Bivens. To state a claim under section 1983, a plaintiff must plausibly allege that a defendant, acting under color of state law, caused a deprivation of plaintiff's rights under the constitution or laws of the United States. 42 U.S.C § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Conversely, Bivens is a judicially created analog to section 1983. To state a Bivens claim, a plaintiff must plausibly allege that a federal actor, limited to specific

3

situations, violated plaintiff's rights under the United States Constitution or laws of the United States.

Insofar as the Court can glean, plaintiff appears to allege a conspiracy of government officials and informants who are accused of, *inter alia*, unlawfully taking plaintiff's property and identity. For example, plaintiff accuses the conspirators of "stealing my briefcase sophisticatedly (sic) and trying to draw my finances misusing Los Angeles County recording office to commit fraude (sic) and steal other personal information documents . . .." (Complaint at 5.) The Complaint alleges that Judge Cole, in Lancaster, "robb (sic) me from my defamation and alter my application so I won't have no merit." (Id. at 6.) The Complaint alleges jail official have intercepted his legal mail, as they "seem to tamper with my U.C.C. checks and saverty (sic) card or mail . . .." (Id. at 7.)

The Complaint includes numerous references to what appear to be general grievances, such as an exposition on reparations to the descendants of slaves, in which plaintiff takes the Governor of California to task for being "non-committal" to the recommendation of his committee on reparations. Apart from such asides, the majority of the allegations appear to center on plaintiff's belief that various individuals have misappropriated his personal property and his identity, to wit: "somebody by the name of Kenny Loboriel and Kiyonie Nicole Davis with Sgt. Chaves went in my property and stole my checks and then inserted in a vault where in use to invest in big coin (sic) and I'm am the main treasure I haven't been able to get known (sic) of my investment from crypto currency now they trying to say that the court made a mistake and fail not to put proof of service . . .." (Complaint at 8.) This theme is repeated throughout the Complaint's 71 pages, with numerous references to alleged deprivations of plaintiff's property, claiming, for example, that the government conspiracy is "triple teaming me, opening up my briefcase bonds without my consent & bleeding all my prior convictions stock and bond account for

4

selfish & greedy gain and fraudulent swindling my accounts without any justification . . . ." (Complaint at 19-20.) While the Complaint does individualize the "claims" against 47 of the defendants over 17 pages (id. at 34-51), the purported grounds for such alleged individualized liability are, again, prolix, confusing, non-sensical and ultimately, impossible to decipher.

In sum, the allegations of the Complaint are so convoluted, rambling and non-sensical as to rise to the level of "clearly baseless," "fantastical" and "wholly without merit," and, thus, the Court finds them to be "frivolous" for purposes of denying plaintiff's IFP Request pursuant to section 1915(e)(2)(B)(i). (Denton v. Hernandez, 504 U.S. 25, 33 (1992).

As such, the IFP Request is DENIED.

Dated: January 25, 2024 \_\_\_\_\_       _____
                                                OTIS D. WRIGHT
                                            United States District Judge

5